**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 17, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

INSHALLAH DRAGNA,

  Plaintiff - Appellant,

v.

SPENCER TODD MAYNARD;
PATRICIA OSTLER,

  Defendants - Appellees.

No. 13-4018
(D.C. No. 2:12-CV-01112-TC)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HOLMES**, and **MATHESON**, Circuit Judges.[**]

Plaintiff-Appellant Inshallah Dragna, proceeding pro se, appeals from the district court's order dismissing Plaintiff's complaint for lack of subject matter jurisdiction. In the complaint, Plaintiff made general tort allegations regarding an automobile accident that occurred in Salt Lake City, Utah, in 2008. I R. 4–7. Exercising our appellate jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

We agree with the district court's conclusion that diversity jurisdiction is lacking. Indeed, Plaintiff concedes that "[t]his is not a [d]iversity case." I R. 10.[1] Additionally, we reject Plaintiff's argument that federal question jurisdiction exists. The complaint only alleges state tort claims. See id. at 4–7. Further, to the extent Plaintiff argues the Utah state courts violated Plaintiff's Due Process rights, see, e.g., id. at 10; Aplt. Br. 2–4, that argument also fails to provide a basis for the district court's jurisdiction, see Johnson v. De Grandy, 512 U.S. 997, 1005–06 (1994) (The Rooker-Feldman doctrine bars a losing party in state court "from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's [constitutional] rights.").

AFFIRMED. Plaintiff's motion to proceed in forma pauperis (IFP) is moot as the district court already approved the IFP application.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

---

[1] It is not clear from the record whether Plaintiff ever argued there was diversity jurisdiction. Initially, Plaintiff cited "U.S. Government Plaintiff" as the basis of jurisdiction. I R. 7. However, in response to the district court's order to show cause as to "why th[e] action should not be dismissed for lack of subject matter jurisdiction," Plaintiff argued there was federal question jurisdiction. Id. at 9–10.